IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SFG COMMERICAL AIRLIFT LEASING INC.,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:21-mc-00095

MONTGOMERY EQUIPMENT COMPANY, INC, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Appoint Commissioner for Proceedings in Aid of Execution. [ECF No. 8]. The motion is **GRANTED**. The court hereby **APPOINTS** Magistrate Judge Dwane L. Tinsley to serve as a commissioner over this matter.

Judgment was entered against the defendant, Dr. A. Thomas Falbo, in favor of the plaintiff, SFG Commercial Aircraft Leasing, Inc. ("SFG"), in the United States District Court for the Northern District of Indiana on March 27, 2018. [ECF No. 8, at 1]. The judgment was properly registered and certified by the Clerk in this District on July 14, 2021. [ECF No. 1]. SFG then applied for a writ of execution as to Dr. Falbo. [ECF No. 3]. The Clerk issued the writ of execution on August 24, 2021 [ECF No. 5]. Because SFG has been unable to satisfy its judgment, however, it now seeks the appointment of a commissioner to conduct a proceeding in aid of execution pursuant to state and federal law.

Federal Rule of Civil Procedure 69(a) provides the general guidelines by which a money judgment is to be executed. Namely, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Moreover, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Because there is no specific federal statute on point, West Virginia law applies. Fed. R. Civ. P. 69(a)(1). Under West Virginia law, a judgment creditor may institute interrogatory proceedings before a "commissioner in chancery" (simply a "commissioner" following the consolidation of law and equity) to enforce an existing judgment. *See* W. Va. Code § 38-5-1; *see also State ex rel. TermNet Merch. Servs., Inc. v. Jordan*, 619 S.E.2d 209, 214 (W. Va. 2005). The "required duties, responsibilities and authority of a commissioner acting in interrogatory proceedings are further developed in subsequent portions of Article 5." *TermNet*, 619 S.E.2d at 214.

Although there is no "commissioner" in the federal judicial system, federal courts have ruled that a magistrate judge may serve in that role for purposes of conducting proceedings in aid of execution under West Virginia Code § 38-5-1. *See, e.g., Chicago Pneumatic Tool Co. v. Stonestreet*, 107 F.R.D. 674, 675 (S.D. W. Va.

2

1985); *U.S. Foodservice, Inc. v. Donahue*, No. 3:10-cv-183, 2010 WL 5067939, at *1 (S.D. W. Va. Dec. 3, 2010); *Byron Originals, Inc. v. Iron Bay Model Co.*, No. 5:05-cv-82, 2006 WL 1004827, at *1 (N.D. W. Va. Apr. 12, 2006). As Chief Judge Haden observed in *Chicago Pneumatic Tool*, interrogatory proceedings essentially allow a commissioner "to join in the questioning during the deposition" of a judgment debtor, and the power to take depositions is specifically conferred on magistrate judges by 28 U.S.C. § 636(a)(2). Moreover, the Federal Magistrate Act specifically provides that magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

Accordingly, the court hereby **APPOINTS** Magistrate Judge Dwane L. Tinsley as a "commissioner" for purposes of conducting a proceeding pursuant to West Virginia Code § 38-5-1. Upon SFG's ascertaining of a date and time that will be convenient to Magistrate Judge Tinsley, the Clerk is **DIRECTED** to issue summonses, pursuant to Rule 4 of the Federal Rules of Civil Procedure, directing the defendant to appear at the specified date and time before Magistrate Judge Tinsley. In conducting the proceeding in aid of execution, Magistrate Judge Tinsley may enter any additional order pursuant to the Federal Rules of Civil Procedure or Chapter 38, Article 5 of the West Virginia Code.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 9, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3