IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SFG COMMERICAL AIRCRAFT LEASING INC.,

    Plaintiff,

v.                                           CIVIL ACTION NO.   2:21-mc-00095

MONTGOMERY EQUIPMENT COMPANY, INC, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Charging Order filed by Plaintiff SFG Commercial Aircraft Leasing, Inc. ("SFG"). [ECF No. 28]. For the reasons set forth herein, SFG's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

On March 27, 2018, the United States District Court for the Northern District of Indiana entered judgment in favor of SFG and against Montgomery Equipment Company, Inc. ("Montgomery Equipment") and Dr. A. Thomas Falbo ("Dr. Falbo") in the amount of $1,649,086.16 ($1,549,433.39 principal and $99,652.77 pre-judgment interest) with legal interest thereon at 2.06% per annum from the date of judgment until paid. [ECF No. 1-1]; *see also SFG Com. Aircraft Leasing, Inc. v. Montgomery Equip. Co.*, No. 3:15-cv-324, 2018 WL 452361, at *7 (N.D. Ind. Jan. 16, 2018) ("SFG

is entitled to summary judgment against Montgomery and Dr. Falbo, jointly and severally, in the amount of $1,549,433.39 . . . ."). The judgment was properly registered and certified by the Clerk in this District on July 14, 2021. [ECF No. 1]. SFG then applied for a writ of execution as to Dr. Falbo [ECF No. 3], which the Clerk issued on August 24, 2021 [ECF No. 5]. The judgment remains wholly unsatisfied. [ECF No. 28, ¶ 4].

After the writ was returned unexecuted, SFG moved this court to appoint a commissioner to conduct a proceeding in aid of execution. [ECF No. 8]. I granted that motion [ECF No. 9], and Magistrate Judge Cheryl A. Eifert conducted a debtor examination of Dr. Falbo on January 5, 2023 [ECF Nos. 26, 27]. SFG now moves the court for entry of an order charging the distributional interest(s) of Dr. Falbo in five West Virginia limited liability companies ("LLCs") to satisfy the judgment. [ECF No. 28].

## II. Legal Standard

Federal Rule of Civil Procedure 69(a) provides the general guidelines by which a money judgment is to be executed. Namely, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Because there is no specific federal statute on point, West Virginia law applies. *Id.*

SFG brings the instant Motion pursuant to West Virginia Code § 31B-5-504,[1] which provides as follows:

> (a) On application by a judgment creditor of a member of a limited liability company or of a member's transferee, a court having jurisdiction may charge the distributional interest of the judgment debtor to satisfy the judgment. The court may appoint a receiver of the share of the distributions due or to become due to the judgment debtor and make all other orders, directions, accounts and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order.
>
> (b) A charging order constitutes a lien on the judgment debtor's distributional interest. The court may order a foreclosure of a lien on a distributional interest subject to the charging order at any time. A purchaser at the foreclosure sale has the rights of a transferee.
>
> . . .
>
> (e) This section provides the exclusive remedy by which a judgment creditor of a member or a transferee may satisfy a judgment out of the judgment debtor's distributional interest in a limited liability company.

Accordingly, the decision whether to grant a motion for charging order is left to the discretion of the court, which is further authorized to "make all other orders, directions, accounts and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order." *Id.*

---

[1] The court is not aware of any case in which the West Virginia Supreme Court of Appeals has addressed the charging order provision of the state's Uniform Limited Liability Company Act, nor the corresponding provision of the Uniform Partnership Act. In discerning how the Supreme Court of Appeals would likely rule on the issues of state law presented in this case, the court is guided by non-binding precedents from other jurisdictions with similar statutes, and by commentary to the Revised Uniform Limited Liability Company Act published by the Uniform Law Commission, Unif. Ltd. Liab. Co. Act § 503 (Unif. L. Comm'n 2013), while remaining mindful of variation among these provisions.

### III. Discussion

#### A. Charging Order

The record establishes that a judgment in the amount of $1,649,086.16, together with 2.06% interest thereon until satisfaction, was entered between Plaintiff SFG and Defendant Dr. Falbo on March 27, 2018. There is no evidence that the judgment has been satisfied.

The record further shows that judgment debtor Dr. Falbo is a member of the following five LLCs: The Faldent Group, PLLC, d/b/a Falbo Dental Office ("Faldent Group"); TXTXDX LLC ("TXTXDX"); MOEQCO LLC ("MOEQCO"); Montgomery Iron and Machine, LLC ("Montgomery Iron and Machine"); and Republic American USA LLC ("Republic American"). [ECF No. 28-1]. Judgment creditor SFG seeks to enforce its judgment against Dr. Falbo as a member of those LLCs. No opposition has been timely filed.

The court hereby **GRANTS** judgment creditor SFG a Charging Order upon judgment debtor Dr. Falbo's distributional interests in each of the five above-named LLCs to satisfy SFG's judgment against Dr. Falbo. Each LLC must report and distribute to counsel for SFG all amounts to which Dr. Falbo is entitled or that become due or distributable to Dr. Falbo, and must continue to do so until the judgment is satisfied, including accrued interest, or until further order of the court. This Charging Order constitutes a lien on Dr. Falbo's distributional interests in the five LLCs. The

court **DIRECTS** SFG to serve a copy of this Charging Order on each LLC and file a Notice of Compliance.

### B. Ancillary Relief

SFG further requests the court to "enjoin [the LLCs] from transferring, conveying, assigning or otherwise disposing of any money or property in which Falbo has distributional interest(s)," and to order the LLCs to "provide SFG's attorney an accounting of all future distributions made to Falbo or could have been made to Falbo." [ECF No. 28, ¶ 8]. Such additional relief may be included as ancillary provisions in a charging order, pursuant to the court's authority to "make all other orders, directions, accounts and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order." W. Va. Code § 31B-5-504(a).

Absent such ancillary provisions, a judgment creditor's rights under a charging order are akin to those of a transferee. *See id.* §§ 31B-5-501–504. Under West Virginia law, "transfer of a distributional interest does not entitle the transferee to become or to exercise any rights of a member." *Id.* § 31B-5-502. A transferee is entitled to receive "only the distributions to which the transferor would be entitled," *id.*, and "is not entitled to participate in the management or conduct of the limited liability company's business, require access to information concerning the company's transactions or inspect or copy any of the company's records," *id.* § 31B-5-503(d).

5

With this framework in mind, I turn to the additional relief sought in this case, noting at the outset that both of SFG's requests suffer from some ambiguity.

I first address SFG's request that the LLCs be enjoined "from transferring, conveying, assigning or otherwise disposing of any money or property in which Falbo has distributional interest(s)." [ECF No. 28, ¶ 8]. A distributional interest in an LLC is itself a form of personal property which may be transferred, but a member of an LLC "is not a coowner of, and has no transferable interest in, property of" the LLC. W. Va. Code § 31B-5-501. An LLC member does not have any possessory right to LLC assets until the LLC takes affirmative action to make a distribution to its members and the members approve such distribution. *Pflueger Haw., Inc. v. Haw. Auto., LLC*, No. 15-1-1524-08, 2017 WL 11436675, at *2 (Haw. Cir. Ct. Jan. 23, 2017) (comparing a distributional interest in an LLC to a corporate dividend). Accordingly, "any money or property in which Falbo has distributional interest(s)" can refer, tautologically, only to distributions themselves. SFG essentially requests that once an LLC decides to make a distribution to Dr. Falbo, the LLC may not then transfer, convey, assign, or otherwise dispose of that distribution. Because SFG is already entitled to receive such distributions by virtue of this Charging Order, this ancillary request appears duplicative of the overall request for a charging order, except to the extent that other creditors may be entitled to those distributions.

Construed as a request for priority over any other possible creditor(s), the relief is **DENIED**. Although West Virginia law does not specify the priorities to be given to

multiple creditors that obtain charging orders directed to the same LLC interest, generally a lien that is first in time has priority and is entitled to prior satisfaction out of the property it binds. *See City of Parkersburg v. Carpenter*, 507 S.E.2d 120, 122 (W. Va. 1998) ("The general rule in establishing priority of liens is 'first in time, first in right.'"). The court is not presently aware of any other creditors who may be claiming rights to Dr. Falbo's distributional interests in the LLCs. *See* Direct Examination of Defendant Thomas Falbo at 10:22, 10:32, *SFG Com. Aircraft Leasing, Inc. v. Montgomery Equip. Co.*, No. 2:21-mc-00095 (S.D. W. Va. Jan. 5, 2023) (testifying that creditors hold liens on debtor's ownership interest in his residence, and on real estate owned by the corporation Montgomery Equipment, but identifying no liens on his interests in any LLCs or on any LLC assets). Unless such creditors already exist, SFG has the first claim to those interests, and will maintain priority over any future lienholders. Furthermore, even if other lienholders presently exist, I see no reason to subordinate their claim(s) to SFG's. *See generally Carpenter*, 507 S.E.2d at 123 (explaining that the doctrine of equitable subordination does not apply absent "inequitable conduct by a claimant resulting in injury to other creditors").

Despite the plain text of the request for relief, SFG likely intended to reference money or property of the LLCs that becomes available for distribution to their members.[2] Construed as such, the request remains **DENIED**. Even if the request

---

[2] As just explained, it goes against well-established law to say that Dr. Falbo "has distributional interest(s)" in any LLC property. But the court finds this construction to be a fair interpretation of SFG's request given the other request for an accounting of "distributions [that] could have been made to Falbo," and because judgment creditors often make similar requests to restrict companies from

7

were not unduly vague, SFG has not shown that restricting the LLCs in this way is an action "the judgment debtor might have made or which the circumstances may require to give effect to the charging order." W. Va. Code § 31B-5-504(a). Moreover, judgment creditors face a heavy burden to establish the necessity of relief that encumbers third parties such as other LLC members and the LLC itself.[3] *See Law v. Zemp*, 408 P.3d 1045, 1058–59, 1061 (Or. 2018) (explaining that the court's authority to "make all other orders" must be read in context of the "broader principle" that "outsiders (creditors and assignees) should be excluded from participating in . . . management," particularly "in the small, unincorporated business entities for which the charging order remedy was designed"); *see also Strum v. Ultima WNC Dev., LLC*, No. 13 CVS 719, 2022 WL 2190135, at *7 (N.C. Super. Ct. June 16, 2022) (endorsing the analysis in *Law*, 408 P.3d at 1058).

By contrast, judgment creditors are more successful when requesting financial information, which courts often find is "require[d] to give effect to the charging order."

---

taking actions that could diminish the distributions sought. *See, e.g., Law v. Zemp*, 408 P.3d 1045, 1063 (Or. 2018) (rejecting requested "ancillary provisions requiring . . . the LLC to refrain from making any sort of loan to anyone"); *Strum v. Ultima WNC Dev., LLC*, No. 13 CVS 719, 2022 WL 2190135, at *7–8 (N.C. Super. Ct. June 16, 2022) (denying request "to prohibit [partnership] from making loans to anyone, selling or otherwise encumbering any partnership interest, and modifying any compensation plan, unless permitted by Plaintiff or the Court"); *Thomas v. Hughes*, 27 F.4th 363, 369 (5th Cir. 2022) (striking portion of charging order requiring LLC to "obtain leave of this court before a) transferring the Property to any third party; b) transferring any [LLC] funds to any third party except for transactions in the ordinary course of business; or c) transferring [judgment debtor's] interest (or any part thereof) in [LLC] to any third party").

[3] That burden is somewhat lower in the case of a single-member LLC, where more conduct falls within the scope of "orders, directions, accounts and inquiries the judgment debtor might have made," and where reverse piercing of the corporate veil is more readily available. *See, e.g., Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375 (4th Cir. 2018); *Curci Invs., LLC v. Baldwin*, 221 Cal. Rptr. 3d 847 (Ct. App. 2017). But the record lacks sufficient evidence to determine whether Dr. Falbo is the sole member of any of the five LLCs, and SFG has not argued for relief on that basis.

W. Va. Code § 31B-5-504(a); *see, e.g., Benzick v. Palm Props., LLC*, No. A18-0956, 2019 WL 1320617, at *4 (Minn. Ct. App. Mar. 25, 2019) ("Given that the LLCs subject to the charging order are wholly owned by [judgment debtor] and the creditors experienced problems collecting from [debtor] in the past, it was reasonable for the district court to conclude that an order requiring the LLCs to provide financial information was necessary to monitor compliance and effectuate collection of distributions under the charging order."); *Strum*, 2022 WL 2190135, at *8 (granting "request to receive a list of current partners and their percentage ownership interests in the partnership as well as a current income statement and balance sheet" where "limited information in the record regarding the structure of the partnership" did not enable "the Receiver to determine [the judgment debtor's] 'share of the allocations . . . and the right to receive distributions'" (quoting N.C. Gen. Stat. § 59-102(11))); *Dream Games of Ariz., Inc. v. PC Onsite LLC*, No. 03-00433, 2016 WL 1567180, at *5 (D. Ariz. Mar. 24, 2016) ("Judgment Creditor's request for quarterly financial statements and accountings of all disbursements made by [LLC] to Judgment Debtor, or for the benefit of Judgment Debtor, will aid in the satisfaction of the Judgment. With the financial disclosures, Judgment Creditor will be able to verify whether it has received all of the disbursements that [LLC] paid or owes to Judgment Debtor."), *report and recommendation adopted*, 2016 WL 1554978 (D. Ariz. Apr. 18, 2016). In this case, SFG requests "an accounting of all future distributions made to Falbo or could have been made to Falbo." [ECF No. 28, ¶ 8]. SFG makes no showing as to the

9

necessity of the requested relief. Nevertheless, it is apparent to the court that at least some additional financial information is needed to give effect to this Charging Order. SFG's Motion is therefore **GRANTED** with respect to the request for an accounting of all future distributions made to Dr. Falbo, or for the benefit of Dr. Falbo. Such accountings shall be provided to SFG by each LLC on a quarterly basis, within **21 days** after the conclusion of each calendar quarter, from the date of this Order until the judgment is fully satisfied.

The second part of SFG's request, for "an accounting of all future distributions [that] could have been made to Falbo," is overly vague. As discussed above, a distribution comes into existence only once an LLC decides to make a distribution to its members. Given that SFG will already receive an accounting of distributions made to Dr. Falbo, it is unclear what kind(s) of additional financial information is sought. Moreover, SFG has not shown how accessing the LLCs' records would ensure that the Charging Order is honored, or why, as a judgment creditor of Dr. Falbo, it is entitled to such relief against the LLCs. The additional relief requested is **DENIED without prejudice**. Plaintiff retains the right to renew the Motion as to these additional provisions should SFG identify evidence that such actions are necessary to ensure the effectiveness of this Charging Order.

## IV. Conclusion

For the foregoing reasons, SFG's Motion for Charging Order is **GRANTED in part** and **DENIED in part**. SFG's Motion is **GRANTED** as follows:

(1) Pursuant to West Virginia Code § 31B-5-504, a Charging Order is hereby **ENTERED** against Dr. Falbo's distributional interests in The Faldent Group, TXTXDX, MOEQCO, Montgomery Iron and Machine, and Republic American.

(2) The Faldent Group, TXTXDX, MOEQCO, Montgomery Iron and Machine, and Republic American must report and distribute to counsel for SFG, Ryan S. Marsteller, Esq., Bailes, Craig & Sellards, PLLC, 401 10th Street, Suite 500, Huntington, West Virginia 25701, all amounts to which Dr. Falbo is entitled or that become due or distributable to Dr. Falbo, and must continue to do so until the judgment is satisfied, including accrued interest, or until further order of the court.

(3) If Dr. Falbo receives any distributions on account of his ownership interests in the LLCs in violation of this Charging Order, Dr. Falbo shall immediately deliver all such distributions to counsel for SFG.

(4) Within **21 days** after the conclusion of each calendar quarter, each LLC shall provide SFG with an accounting of all distributions made to Dr. Falbo, or for the benefit of Dr. Falbo.

SFG's Motion is **DENIED** with respect to the additional relief requested against the LLCs in Paragraphs 8.E–F, **without prejudice** to SFG's right to renew the Motion as to that relief.

SFG is **DIRECTED** to serve a copy of this Charging Order upon each LLC and file a Notice of Compliance. This Charging Order shall remain in effect until further order of the court or until the judgment is fully satisfied, in which event SFG shall serve a Notice of Satisfaction of said judgment within **five (5) days** of receipt of the final payment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: March 10, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE